Dear Mr. Casey:
This opinion is in response to your question asking concerning the provisions of Section 59.310, RSMo, as amended by Senate Bill No. 112, 79th General Assembly, First Regular Session. You point out that subsection 3 of amended Section 59.310 provides that the county recorders of deeds shall be allowed one dollar ($1.00) for each page for copying or reproducing any recorded instrument.
Your question is as follows:
 "The question is, does this Statute prohibit a County Recorder and/or County Court from entering into an agreement with an Abstract Company whereby the Abstract Company can use the copying machine in the Recorder's Office, which is leased by the County for the purpose of copying duly recorded instruments at a charge of less than $1.00 per page? All proceeds would be paid to the County."
With respect to that part of your question which pertains to the use of county equipment or courthouse property by a private firm, we note that we have issued several opinions which are relevant to your question. That is, in our Opinion No. 150, dated April 28, 1971 to Gilchrist, this office concluded that a farmers mutual insurance company is a private commercial enterprise and may not be permitted to occupy office space in the county courthouse for the conduct of its business. In our Opinion No. 15, dated February 23, 1955 to Carr, this office concluded that a county court may not lawfully permit the usage of public property in the form of office space in a county courthouse for the conduct of a private commercial enterprise. In our Opinion No. 42, dated December 20, 1954, to Hosmer, this office concluded that a county court did not have the authority to rent space in the courthouse to private persons for private use. In our Opinion No. 20, dated February 13, 1951 to Curry, this office concluded that the county courts do not have authority to lease or permit the use of space in the county courthouse for private purposes. In our Opinion No. 63, dated February 16, 1954 to Moody, this office concluded that a township has no authority to use township machinery to do work for private individuals for hire. In our Opinion No. 5, dated January 12, 1970, this office concluded that there were exceptions to the prohibition against the county leasing public property in general so that leases may be permissible in space other than courthouse space where the lease of the county property to private individuals was not an interference with the public use of the county property by the county, the county had no immediate need for the facilities for county purposes and the lease was to the financial betterment of the county. In our Opinion No. 4, dated December 9, 1966 to Evans, this office concluded that publicly owned equipment could not be used to render nonpublic service. We are enclosing copies of the above opinions.
We point out, however, that Section 109.190, RSMo, relative to the inspection of public records, is pertinent to your question. Such section provides:
 "In all cases where the public or any person interested has a right to inspect or take extracts or make copies from any public records, instruments or documents, any person has the right of access to the records, documents or instruments for the purpose of making photographs of them while in the possession, custody and control of the lawful custodian thereof or his authorized deputy. The work shall be done under the supervision of the lawful custodian of the records who may adopt and enforce reasonable rules governing the work. The work shall, where possible, be done in the room where the records, documents or instruments are by law kept, but if that is impossible or impracticable, the work shall be done in another room or place as nearly adjacent to the place of custody as possible to be determined by the custodian of the records. While the work authorized herein is in progress, the lawful custodian of the records may charge the person desiring to make the photographs a reasonable rate for his services or for the services of a deputy to supervise the work and for the use of the room or place where the work is done."
It has been stated that at common law, the right of inspection of public records was limited to those having some interest in such records and some cases have applied this common law rule in denying an abstracter or insurer of title the right to inspect and copy public records. 1 Am.Jur.2d Abstracts of Title § 8. However, it now appears to be the generally recognized rule that such businesses do have a right of inspection under public records laws. State ex rel. Eggers v. Brown, 134 S.W.2d 28 (Mo.Banc 1939). Although the case authority on the subject consists of numerous conflicting opinions, the present trend appears to acknowledge a right in such companies not only to copy such records but also to have available to them such facilities as are authorized to be made available by statute for the purpose of copying. Annot., 80 A.L.R. 760, et seq.
Since the right of inspection is dependent on the statutory provisions, we must look to the provisions of Section 109.190. That section provides for right of access for the purpose of copying while such records are in the possession of the custodian, copying under the supervision of the custodian who may adopt reasonable regulations governing the work, copying where the records are located or close thereto if necessary, and the imposition of charges by the custodian for services in supervising the work and for the use of the room where the work is done.
Notably, there is no authorization for the person doing the copying to use county equipment, such as copying equipment or other mechanical equipment or paper, pen and the like. The authorization for the use of a room implies the use of suitable lighting equipment, chairs and desks but cannot be said to extend to other equipment whose use is not expressly authorized by said section or included by necessary implication within that expressly authorized. Since the county court has control over county buildings by virtue of its powers expressed in Section 49.270, RSMo, it would be within the jurisdiction of the county court to determine what charges should be made for the use of space authorized by Section 109.190 although the approval of the recorder of deeds would be required authorizing the use of space assigned to his office. Likewise, we believe that the county court, as the constitutional governing body of the county under Section 7 of Article VI of the Missouri Constitution, is the proper body to determine the rates to be charged for deputies' services in supervising such copying. We reach this conclusion despite the provisions of Section 109.190, which refer to the custodian of the records, because of the specific provisions concerning the duties and powers of the county court.
We also point out that the charges made must adequately cover the costs of the county personnel and space. Likewise, the authorization made to such abstract companies to copy under such section can be no greater than that afforded the public, and, accordingly, the same rights must be afforded the public generally. It should also be clear that copying work by the abstract companies must not be such as to interfere with the duties of the recorder of deeds, the use made by the public of the facilities, or the general use of courthouse facilities by the public. Statev. Brown, supra.
Finally, as to your initial question concerning the statutory fee of the recorder for copying, it is our view that such fee does not apply and is not to be collected where the copying is done by a member of the public under Section 109.190. While, under the authorities previously cited, there is some authority that the statutory fee must be charged, the prevailing weight of modern authority indicates that such statutory fees only apply to copying by the officer or his deputies and do not apply to copying by the public under public records laws.
Where the recorder or his deputy copies such documents the statutory fee must be charged. See Section 59.200, RSMo and Section 59.310, as amended.
CONCLUSION
It is the opinion of this office that although an abstract business cannot generally lease space in a county courthouse for abstract business such business has the right to inspect and copy records in the office of the recorder of deeds or in a space close thereto under the supervision of the recorder of deeds and upon payment of charges fixed by the county court for the use of space and supervisory personnel upon the same terms afforded the public generally. There is no authority for an abstract company or any private individual to use county equipment for such copying.
The foregoing opinion, which I hereby approve, was prepared by my assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosures: Op. No. 150, 4/28/71, Gilchrist
 Op. No. 15, 2/23/55, Carr
 Op. No. 42, 12/20/54, Hosmer
 Op. No. 20, 2/13/51, Curry
 Op. No. 63, 2/16/54, Moody
 Op. No. 4, 12/9/66, Evans
 Op. No. 5, 1/12/70, Wessel